UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| ELIZABETH M. MARTIN, )<br>                                  **Plaintiff,** )<br>    v.                                        )<br>                                           )<br>CUNNINGHAM CHILDREN'S HOME, )<br>                                          )<br>                                **Defendant.** ) | Case No. 10-2006 |

# ORDER

In January 2010, Plaintiff Elizabeth Martin, acting *pro se*, filed a *Pro Se* Complaint (#1) against Defendant Cunningham Children's Home, alleging a violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12112) (hereinafter "ADA"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a violation of federal law. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In February 2010, Defendant filed a Motion To Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) (**#8**). Plaintiff subsequently filed her response and supporting memorandum (#12, #13). After reviewing the parties' pleadings and memoranda, this Court **GRANTS** Defendant's Motion To Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) (**#8**).

## I. Background

The following background is taken from Plaintiff's complaint. Plaintiff alleges that, in April or May 2009, Todd Wagner, one of Defendant's employees, interviewed her regarding a job with Defendant Cunningham Children's Home. On June 22, 2009, Amy Acree, another employee, offered Plaintiff the job of Night Milieu Counselor. Plaintiff alleges that one of the conditions for the job, as stated in the written offer she signed and attached to the complaint (#1, p. 18), was that she complete preemployment screenings including a "pre-employment drug test and physical." (#1, p. 9.)

On June 26, 2009, Carle Occupational Medicine employee Ms. Brown, who performed Plaintiff's physical examination, told Plaintiff that she would not pass her preemployment medical screening unless Plaintiff obtained a letter from her doctor regarding a particular medication (Invega) that Plaintiff had "listed as having taken and being doctor prescribed." (#1, p. 9.) Plaintiff explained to Ms. Brown that she was not currently taking Invega and she only took 3 mg of the medication when she was taking it. Ms. Brown "maintained her position that without a letter from my treating physician she (Brown) would not pass me on my Cunningham Children's Home physical." (#1, p. 9.)

Plaintiff contacted her psychiatrist to request the letter. On June 30, 2009, Plaintiff's treating psychiatrist's nurse left a message for Plaintiff that the psychiatrist would not write the letter that she needed because he did not feel comfortable doing that.

Plaintiff then called Todd Wagner and Amy Acree asking to speak with them about the physical. Ms. Acree called her back and left a message suggesting a meeting time. At the meeting, Ms. Acree and Krista Borbely, Defendant's Director of Human Resources, met with Plaintiff. Ms. Borbely informed Plaintiff that she had not passed her medical screening and that the Cunningham Children's Home was rescinding its job offer. Plaintiff explained her position and told them that she needed a doctor's note because of medicine that she had taken in the past. She told them that she needed a letter from her treating doctor and she did not know why her doctor would not write the letter. Ms. Borbely first interjected that maybe Plaintiff should talk to her doctor and then come back to talk to them at the Cunningham Children's Home and then told Plaintiff again that the job offer had been rescinded.

Plaintiff's complaint alleges that Defendant violated the ADA by rescinding its job offer to Plaintiff as a result of Plaintiff's failure to obtain a letter from her psychiatrist as part of her preemployment medical screening.

## II. Standard of Review

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give a defendant fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level.' " *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (stating that the complaint must actually suggest that the plaintiff has a right to relief).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). A claim is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.' " *Id.,* 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)). Documents attached to a complaint are incorporated into it and become part of the pleading itself. FED. R. CIV. P. 10(c); *Lehn v. Holmes*, 364 F.3d 862, 872 (7th Cir. 2004).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim. Courts construe *pro se* complaints liberally and hold them to a less stringent standard than formal

pleadings drafted by lawyers. *Id.* The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

Finally, a plaintiff can allege himself out of a claim by including allegations that establish his inability to state a claim. *Head v. Chi. Sch. Reform Bd. of Trs.*, 225 F.3d 794, 801-02 (7th Cir. 2000); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (stating that a plaintiff can plead himself out of court by alleging facts that undermine the validity of his claim).

### III. Discussion

Defendant argues that Plaintiff has failed to state a claim because Plaintiff's allegations show she did not pass her medical screening. As a result, Defendant contends that Plaintiff has failed to allege sufficient facts to support her claim.

Consistent with the standard for reviewing a motion to dismiss, the Court will limit its discussion to Plaintiff's allegations and will not consider factual material not included in the complaint. Accordingly, the Court will not consider Ms. Borbely's affidavit.

As Defendant points out, the ADA allows an employer to make a job offer conditional on the results of a medical examination. 42 U.S.C. § 12112(d)(3). Plaintiff has alleged that Defendant's job offer required her to pass a preemployment medical screening. Consistent with the ADA, she has not alleged that requiring the medical screening violated the ADA.

Rather than alleging insufficient facts to support her claim, here, Plaintiff has alleged herself out of a claim. *See Henderson*, 196 F.3d at 846 (stating that a plaintiff can plead himself out of court by alleging facts that undermine the validity of his claim). Plaintiff alleges that Defendant offered her a job as Night Milieu Counselor that was conditional on her passing certain preemployment screenings including a medical screening. Plaintiff alleges that Carle Occupational Medicine employee Ms. Brown, who administered the physical examination to Plaintiff, told Plaintiff that she would not pass her preemployment physical unless she obtained a

4

letter from her doctor regarding some medication (Invega) that Plaintiff had "listed as having taken and being doctor prescribed." (#1, p. 9.)

Plaintiff acknowledges in her complaint that her treating psychiatrist did not write the letter that she needed. Krista Borbely, Defendant's Director of Human Resources, subsequently informed Plaintiff that because she had not passed her medical screening, Defendant was rescinding its job offer. These allegations do not state a claim of discrimination pursuant to the ADA. Accordingly, the Court grants the motion to dismiss.

Plaintiff's response indicates a factual dispute between information Defendant provided in its motion and memorandum and what Ms. Brown told Plaintiff about the required letter. Specifically, Plaintiff states that Ms. Brown told Plaintiff that she needed a clearance letter from Plaintiff's treating doctor regarding Invega indicating that Plaintiff "would be able to do the job because of the medication; not a statement from [Plaintiff]'s treating physician indicating that she was no longer in need of the medication or anything otherwise about [Plaintiff] and the medication that [Plaintiff] took." (#12, ¶ 2.) At this stage in the proceedings, the Court accepts as true all of Plaintiff's well-pleaded allegations. Plaintiff has not alleged details about the letter and those details are not relevant here. The significant allegation is that Plaintiff asked her psychiatrist for a letter as part of her preemployment medical screening and the psychiatrist declined to provide the letter.

Plaintiff also states in her response that Ms. Brown told her she "passed everything on [the] physical at the time of the examination." (#12, ¶ 3.) Based on this statement, she contends that she "completed the physical" and Defendant violated the ADA by withdrawing its employment offer. However, she alleged in her complaint that Ms. Brown also told her "without a letter from my treating physician she (Brown) would not pass me on my Cunningham Children's Home physical." (#1, p. 9.) Thus, Plaintiff has acknowledged that the doctor's letter

was a necessary component of the preemployment medical screening and simply passing the physical examination portion of the screening was not adequate by itself.

The Court notes that Plaintiff's response refers to a possible claim that Defendant violated Section 12112(d)(1) of the ADA by contacting Carle Occupational Medicine personnel without permission from Plaintiff. That section provides as follows: "The prohibition against discrimination as referred to in subsection (a) of this section shall include medical examinations and inquiries." Subsection (a) provides as follows: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Thus, reading Subsections (a) and (d) together, the statute provides that no covered entity shall discriminate against a qualified individual on the basis of disability in regard to medical examinations and inquiries. A review of the statute shows that the conduct that Plaintiff referred to in her response does not violate Section 12112(d)(1) of the ADA. Accordingly, to the extent that Plaintiff had intended to allege a claim based on Section 12112(d)(1), such a claim would be unavailing.

The Court also notes that Plaintiff's response mentions a proposed correction for her complaint (see #12, p. 2, ¶ 5.) The Court has considered that proposed correction. It does not change the Court's decision.

Plaintiff has alleged facts that show that Defendant's conduct did not violate the ADA. *See Henderson*, 196 F.3d at 846 (stating that a plaintiff can plead himself out of court by alleging facts that undermine the validity of his claim). As a result, the Court grants Defendant's motion to dismiss.

## IV. Summary

For the reasons stated above, the Court **GRANTS** Defendant's Motion To Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) **(#8)**. This case is terminated.

ENTER this 22nd day of March, 2010.

s/DAVID G. BERNTHAL  
UNITED STATES MAGISTRATE JUDGE
